1   Amanda P. Ellison (SBN 294897)
2   apellison@jonesday.com
    JONES DAY
3   555 South Flower Street, Fiftieth Floor
4   Los Angeles, CA 90071.2300
    Telephone:  +1.213.489.3939
5   Facsimile:   +1.213.243.2539

6
    Attorneys for
7   BNSF RAILWAY COMPANY

8

9

10

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15

16   HENRY SUMLIN and BRIAN LEE,
     individually and on behalf of all others        **CASE NO.: 5:17-cv-2364**
17   similarly situated,
18                                                    **DEFENDANT BNSF RAILWAY**
                     Plaintiffs,                      **COMPANY'S NOTICE OF**
19                                                    **REMOVAL OF CIVIL ACTION**
20          v.                                        **FROM STATE COURT**

21   BNSF RAILWAY COMPANY, and              **[28 U.S.C. §§ 1332(a), 1332(d),**
22   DOES 1-50,                             **1441(b) & 1446]**

23                    Defendants.           Complaint Filed:  November 7, 2017
24

25

26

27

28          **DEFENDANT BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL**

1    **TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL**

2    **PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

3        PLEASE TAKE NOTICE THAT BNSF Railway Company ("BNSF" or

4    "Defendant") hereby removes this matter to the United States District Court for the

5    Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a),

6    1332(d), 1441 and 1446.  The grounds for removal are as follows:

7                    **I.    CLAIMS AND PROCEDURAL HISTORY**

8        1.    On or about November 7, 2017, Plaintiffs Henry Sumlin and Brian Lee

9    (collectively "Plaintiffs") filed a Complaint in the Superior Court of California in

10   the County of San Bernardino, Case No. CIVDS 1721925, captioned *Henry Sumlin*

11   *et al. v. BNSF Railway Company*.  In their Complaint, Plaintiffs assert claims for

12   (1) Failure to Pay Separately and Hourly for Rest Breaks in violation of California

13   Labor Code §§ 1194 and 1194.2; (2) Failure to Provide Compliant Paid Rest Breaks

14   or Rest Break Premiums in violation of California Labor Code §§ 226.7 and § 12 of

15   the IWC Wage Order Number 9; (3) Failure to Provide Complete/Accurate Wage

16   Statements in violation of California Labor Code §§ 226(a) and 226(e); (4) Waiting

17   Time Penalties for Failure to Pay Wages Due on Termination in violation of

18   California Labor Code §§ 201-203; (5) Unfair Competition Law Violations under

19   California Business and Professions Code § 17200 *et seq.*; and (6) PAGA Penalties

20   under California Labor Code §§ 2698-2699.5, 226.3, and 558.  Compl. ¶¶ 23-76.

21   Plaintiffs assert their claims individually and either on behalf of various putative

**DEFENDANT BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL**

classes and/or subclasses or as a representative action.  Compl. ¶¶ 2, 23-76.

2.      Plaintiffs seek class action certification of thirteen different putative classes and/or subclasses.  Compl. ¶ 2.

3.      Plaintiffs seek, for themselves and the putative classes, (1) general and specific liquidated damages; (2) a declaration that Defendant is in violation of California Labor Code §§ 1194, 1194.2, 203, 226(e), and 226.7; (3) general and compensatory damages under the above-listed sections of the California Labor Code; (4) restitution under California Business and Professions Code § 17200 *et seq.*; (5) costs of suit; (6) attorneys' fees; (7) statutory penalties under California Labor Code §§ 558 and 2699; and (8) interest.  Compl., Prayer for Relief ¶¶ 4-16.

4.      On November 16, 2017, BNSF was served with a Summons and the Complaint.

5.      BNSF's removal of this action is timely because BNSF is removing this matter within 30 days of Plaintiffs' completion of service of the initial pleading and summons, and within one year of the filing of the Complaint.  *See* 28 U.S.C. § 1446(b).

## II.      COMPLIANCE WITH STATUTORY REQUIREMENTS

6.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, and orders in this action (including Plaintiffs' Summons and Complaint).

7.      Pursuant to 28 U.S.C. § 1446(d), BNSF will, promptly after the filing

2

1   of this Notice of Removal, provide written notice thereof to Plaintiffs, and will file

2   a copy of this Notice of Removal with the Clerk of the Superior Court of California,

3   County of San Bernardino.

4   ### III.   VENUE AND INTRADISTRICT ASSIGNMENT

5     8. Venue lies in the United States District Court for the Central District

6   of California, Eastern Division, pursuant to 28 U.S.C. §§ 1441(a) and 1391(b),

7   because the original state court action was filed in this District, BNSF allegedly

8   caused the injuries giving rise to Plaintiffs' claims in this District, and Plaintiffs

9   allege that BNSF is subject to personal jurisdiction in this District with respect to

10   this action.  *See* Compl. ¶¶ 3-4.

11     9. Plaintiffs filed this case in the Superior Court of California, San

12   Bernardino; therefore, this case may properly be removed to the Central District of

13   California, Eastern Division.  28 U.S.C. § 1441(a).

14   ### IV.   JURISDICTION

15     10. This Court has original jurisdiction over this matter pursuant to 28

16   U.S.C. §§ 1332(a) and 1332(d), and this matter may also be removed by BNSF

17   pursuant to 28 U.S.C. § 1441(b).

18   ### A.   SECTION 1332(a)

19     11. Under Section 1332(a), federal district courts have original jurisdiction

20   over civil actions where the matter in controversy exceeds $75,000 and is between

21   citizens of different states.  28 U.S.C. § 1332(a), (a)(1).  Each of these elements is

1    satisfied here.

2    **Plaintiffs and Defendant Are Citizens of Different States**

3    12.    Plaintiff Henry Sumlin is a resident of California. Compl. ¶ 6.  Plaintiff

4    Brian Lee is a resident of California.  Compl. ¶ 7.  A party's residence is prima

5    facie evidence of his domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514,

6    520 (10th Cir. 1994).  Accordingly, Plaintiffs are domiciled in California and

7    therefore are citizens of the State of California for purposes of diversity.

8    13.    BNSF is incorporated in Delaware and maintains its principle place of

9    business at 2650 Lou Menk Drive, Fort Worth, Texas 76131.  For diversity

10   purposes, BNSF is a citizen of Delaware and Texas.  *See* 28 U.S.C. § 1332(a); *The*

11   *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010).

12   14.    Because Plaintiffs are citizens of California and BNSF is a citizen of

13   Delaware and Texas, complete diversity exists between the parties.  *See* 28 U.S.C.

14   §§ 1332(c)(1) & (d)(2).[1]

15   **The Amount in Controversy Exceeds $75,000**

16   15.    Though BNSF concedes neither liability on Plaintiffs' claims nor the

17   propriety or breadth of any class as alleged by Plaintiffs, the Complaint places in

18   controversy a sum greater than $75,000.  In alleging the amount in controversy for

19

20   _____

[1]    Plaintiffs have also named Does 1-50 as defendants in this case, but the mere
presence of fictitious defendants does not defeat diversity.  28 U.S.C. § 1441(b)(1) ("[T]he
citizenship of defendants sued under fictitious names shall be disregarded."); *see also Newcombe*

21   *v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

4

purposes of removal, BNSF does not concede or acknowledge in any way that the allegations in Plaintiffs' Complaint are accurate or that Plaintiffs or any proposed class member is entitled to any amount under any claim or cause of action.  Nor does BNSF concede or acknowledge that any class or subclass may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

16.     Plaintiffs seek compensatory damages, statutory penalties (including liquidated damages), costs of suit, declaratory relief, and attorneys' fees on behalf of themselves and each of the purported class members.  Compl., Prayer for Relief ¶¶ 4-16.  The aggregate amount in controversy of these claims exceeds $75,000. Just the alleged compensatory damages on the rest break claim alone exceed the jurisdictional threshold.  Over the approximately three and a half year period alleged in the Complaint, a putative class of "more than 1700" members seeks compensatory damages in the form of rest period pay for every day worked, which is an amount that exceeds $7,000,000 (1700 individuals * 240 days worked per year * 3.5 years * $5 per day = $7,140,000).[2]

---

[2]     Five dollars per day assumes that employees are entitled to the equivalent of hourly pay for one 10 minute rest break period per day, and therefore presumes an average hourly pay rate of only $30 per hour, which is less than BNSF pays to operating employees engaged in through-freight service.

5

**DEFENDANT BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL**

**B.    SECTION 1332(d)**

17.    Under Section 1332(d), federal courts have original diversity jurisdiction over a civil action whenever:  (1) the action is a "class action[,]" 28 U.S.C. § 1332(d)(2); (2) the class consists of 100 or more members, 28 U.S.C. § 1332(d)(5)(B); (3) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2).  Each of these requirements is satisfied in this case.

### Plaintiffs Allege a Class Action

18.    Civil actions brought under California's class action statute, California Code of Civil Procedure § 382, are class actions within the meaning of Section 1332(d).  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014).

19.    Because "Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Pro § 382," this action qualifies as a class action within the meaning of Section 1332(d).  *See* Compl. ¶ 21.

### Plaintiffs Allege a Proposed Class that Exceeds 100 Members

20.    Among the 13 different proposed classes and subclasses, Plaintiffs have proposed a putative class of "over 3,500" employees with respect to waiting time penalties, and a putative class of "more than 1,700" employees with respect to

6

1  rest periods. Compl. ¶ 22(a). Therefore, Plaintiffs have alleged a proposed class

2  that exceeds 100 members.

3  **Plaintiffs and Defendant Are Citizens of Different States**

4  21.  As addressed *supra* at paragraphs 12-14, Plaintiffs and BNSF are

5  citizens of different states. At the time of removal, Plaintiffs were citizens of

6  California, and BNSF was a citizen of Texas and Delaware. As such, at least one

7  putative class member is a citizen of a different state than the Defendant.

8  **The Amount in Controversy Exceeds $5,000,000**

9  22.  Though BNSF concedes neither liability on Plaintiffs' claims nor the

10  propriety or breadth of any class as alleged by Plaintiffs, the Complaint places in

11  controversy a sum greater than $5,000,000, exclusive of interests and costs. In

12  alleging the amount in controversy for purposes of removal, BNSF does not

13  concede or acknowledge in any way that the allegations in Plaintiffs' Complaint are

14  accurate or that Plaintiffs or any proposed class member is entitled to any amount

15  under any claim or cause of action. Nor does BNSF concede or acknowledge that

16  any class or subclass may be certified, whether as alleged or otherwise, or that any

17  or all of its current or former employees are entitled to any recovery in this case, or

18  are appropriately included in the putative class.

19  23.  Plaintiffs seek compensatory damages, statutory penalties (including

20  liquidated damages), costs of suit, injunctive and declaratory relief, and attorneys'

21  fees on behalf of themselves and each of the purported class members. Compl.,

1   Prayer for Relief ¶¶ 4-16.  As noted above, the putative class of rest break

2   claimants seeks compensatory damages in the form of rest period pay for every day

3   worked, which by itself is an amount that exceeds $7,000,000.  The liquidated

4   damages sought under that same claim would double the amount to more than

5   $14,000,000.   Compl. ¶ 29.  Moreover, the direct damages sought under California

6   Labor Code §§ 226(a) and 226(e) would add another approximately $14,000,000 to

7   the total sought (3500 individuals * $4000 per individual = $14,000,000).  Compl.

8   ¶ 44.  Accordingly, the aggregate amount in controversy exceeds $5,000,000.

9

10       WHEREFORE, the above-titled action is hereby removed to this Court from

11   the Superior Court of California, County of San Bernardino.

12

13   Dated:  November 22, 2017

                                    /s/ Amanda P. Ellison
14                                  Amanda P. Ellison

15                                  Attorneys for
                                    BNSF RAILWAY COMPANY
16

17

18

19

20

21

**DEFENDANT BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL**