# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BNSF Railway Company, a Delaware Corporation; and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Henry Sumlin and Brian Lee, individually and on behalf of all others similarly situated,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

NOV 07 2017

By _____ Deputy
Brenda Reyyor

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:  San Bernardino Justice Center
*(El nombre y dirección de la corte es):*

247 W. Third Street
San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*  CIVDS1721925

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David S. Winston, Esq., 1180 South Beverly Dr. Suite 610, Los Angeles, CA 90035, 424-288-4568

DATE: ~~November 6, 2017~~  NOV 07 2017   Clerk, by _____ , Deputy
*(Fecha)*                          *(Secretario)*  Brenda Reyyor   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BNSF Railway Company

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]
COPY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David S. Winston (SBN 301667)<br>Winston Law Group, P.C.<br>1180 South Beverly Drive, Suite 610<br>Los Angeles, CA 90035 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>NOV 07 2017<br><br>By _____ Deputy<br>Brenda Kuyper |

TELEPHONE NO.: (424) 288-4568   FAX NO.: (424) 532-4062
ATTORNEY FOR *(Name):* Henry Sumlin and Brian Lee

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS: 247 W. Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Henry Sumlin and Brian Lee v. BNSF Railway Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1721925 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) / ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☑ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 6, 2017

David S. Winston, Esq.
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



1  ACKERMANN & TILAJEF, P.C.
   Craig J. Ackerman (SBN 229832)
2  cja@ackermanntilajef.com
   Sam Vahedi (SBN 282660)
3  cja@ackermanntilajef.com
   1180 South Beverly Drive, Suite 610
4  Los Angeles, California 90035
   Telephone:  (310) 277-0614
5  Facsimile:  (310) 277-0635

6  WINSTON LAW GROUP, P.C.
   David S. Winston, Esq. (SBN 301667)
7  david@employmentlitigators.com
   1180 South Beverly Drive, Suite 610
   Los Angeles, California 90035
8  Phone: (424) 288-4568
   Fax: (424) 532-4062

9  MELMED LAW GROUP P.C.
   Jonathan Melmed (SBN 290218)
10 jm@melmedlaw.com
   1180 South Beverly Drive, Suite 610
11 Los Angeles, California 90035
   Telephone: (310) 824-3828
12 Facsimile: (310) 862-6851

13 *Attorneys for Plaintiffs and the Putative Classes*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

NOV 0 7 2017

By                          Deputy
Brenda Reygoza

14              SUPERIOR COURT OF CALIFORNIA

15               COUNTY OF SAN BERNARDINO          CIVDS1721925

| | |
|---|---|
| 16 HENRY SUMLIN and BRIAN LEE, individually and on behalf of all others 17 similarly situated, <br><br> 18              Plaintiffs, <br><br> 19 <br> 20 v. <br><br> 21 BNSF RAILWAY COMPANY, a Delaware Corporation; and DOES 1-50, <br><br> 22 <br> 23              Defendants. | **CLASS ACTION & REPRESENTATIVE ACTION COMPLAINT FOR:** <br><br> **(1) Failure to pay separately and hourly for rest break time (Labor Code §§ 1194 and 1194.2);** <br><br> **(2) Failure to Pay Non-Compliant Rest Break Premiums (Labor Code §§ 226.7; IWC Wage Order No. 9);** <br><br> **(3) Failure to Provide Complete/Accurate Wage Statements (Labor Code § 226);** <br><br> **(4) Waiting Time Penalties (Labor Code §§ 201-203);** <br><br> **(5) UCL Violations (Bus. & Prof. Code §§ 17200 *et seq.*);** <br><br> **(6) PAGA Penalties (Labor Code §§ 2699, *et seq.*; 558); and** <br><br> **DEMAND FOR JURY TRIAL** |



Plaintiffs HENRY SUMLIN and BRIAN LEE ("Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter "Class Members"), and all Aggrieved Employees complain and allege as follows:

**OVERVIEW OF CLAIMS**

1.      Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action, as a representative action, and on behalf of the California general public, against Defendant BNSF RAILWAY COMPANY, a Delaware Corporation, and DOES 1-50 ("Defendant" or "BNSF")[1] for Defendant's failure to provide paid rest periods and to the "Rest Period Class Members" for their rest periods during the period from April 4, 2013 through the present (the "Rest Period Class Period"). Defendant paid the rest period Class Members on piece-rate basis with some hourly pay for certain designated tasks but nothing separately and hourly for rest periods in violation of Section 12 of IWC Wage Order No. 9 and Labor Code section 226.7.  Furthermore, Defendant had a widespread practice of not paying all wages due upon termination of employment to its California resident employees, employees who spent the majority (50.1% or more) of at least one pay period working in California, and spent the majority of their employment (50.1% or more) from April 4, 2014 working in California at the time of their separation from Defendant. The period from April 4, 2014 to the present in violation of Labor Code sections 201-203 shall be referred to as the "Waiting Time Penalty Class Period").  Plaintiffs further seek penalties against Defendant pursuant to California's Private Attorney Generals Act, Labor Code sections 2698 et seq. based on the foregoing. Plaintiffs also seek penalties against Defendant pursuant to Labor Code sections 226 and California's Private Attorney Generals Act, Labor Code sections 2698 et seq., for Defendant's inaccurate wage statements issued to all of employees in California during the period from April 4, 2016 to the present (the "Wage Statement Class Period").  As shown further below, Defendant's wage statements were inaccurate because they lacked correct information about the total hours worked, the rates of overtime pay and/or Defendant's legal name.

2.      Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a

---

[1] Any reference to "Defendant" in this Complaint in singular form is also a reference to all Defendants, including DOES 1-50.

class action pursuant to Code of Civil Procedure § 382.  Plaintiffs seek to represent the following "Classes":

    a.  <u>The "Rest Break Classes"</u>:

(1) All current and former employees of BNSF Railroad Company who worked a shift greater than 3.51 hours in California, and who were paid in whole or in part on a "trip rate" basis at any time from April 4, 2013 through the date that the Court certifies this Class. ("Rest Period Class");

(2) All current and former employees of BNSF Railroad Company who were California residents, and who were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California" from April 4, 2013 through the date that the Court certifies this Class. ("California Resident Rest Period Subclass");

(3) All current and former employees of BNSF Railroad Company who worked the majority of at least one pay period (at least 50.1%) in California, and were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California at any time from April 4, 2013 through the date that the Court certifies this Class. ("California Rest Period Subclass");

(collectively the Rest Period Class, California Rest Period Subclass, and California Resident Rest Period Subclass may be collectively referred to as the "Rest Break Class(es)").

    b.  <u>The "Waiting Time Penalty Classes"</u>:

(4) All employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who worked at least one shift in California. ("Former Employee Class");

(5) All employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who worked the majority of at least one pay period in California. ("California Former Employee Subclass");

(6) All California-resident employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who did not receive all wages due within at the time or termination and/or within 72 hours of the resignation of their employment. ("California Resident Former Employee Subclass");

(7) All employees of BNSF Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class. ("Former Piece Rate Employee Subclass");

(8) All California-resident employees of BNSF Railroad Company who were paid on a piece rate and whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class. ("California Resident Former Piece Rate Employee Subclass"); and

(9) All employees of BNSF Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate from April 4, 2014 through the date the Court certifies this Class. ("California Majority Former Employee Subclass").

(collectively the Former Employee Class, California Former Employee Subclass, California Resident Former Employee Subclass, Former Piece Rate Employee Subclass, California Resident Former Piece Rate Employee Subclass, and California Majority Former Employee Subclass be collectively referred to as the "Waiting Time Penalty Class(es)").

    c.   The "Wage Statement Classes":

(10)  all current and former employees of BNSF Railroad Company who spent the majority (more than 50%) of at least one pay period working for BNSF Railroad Company in California from April 4, 2016 through the date the Court certifies this Class. ("Proposed Itemized Wage Statement Class"); and

(11)  all current and former California Resident employees of BNSF Railroad Company who worked one or more pay periods from April 4, 2016 through the date the Court certifies this Class. (Proposed California Resident Itemized Wage Statement Class");

(12)  all current and former California Resident employees of BNSF Railroad Company who were paid on a piece rate basis and/or trip rate basis and who worked one or more pay periods from April 4, 2016 through the date the Court certifies this Subclass. ("Proposed California Resident Piece Rate Itemized Wage Statement Subclass");

(13)  all current and former employees of BNSF Railroad Company who were paid on a piece rate basis and/or trip rate basis and who spent the majority (more than 50%) of at least one pay period working for BNSF Railroad Company in California from April 4, 2016 through the date the Court certifies this Class ("Proposed Piece Rate Itemized Wage Statement Subclass").

(collectively the Proposed Itemized Wage Statement Class, the Proposed California Resident Itemized Wage Statement Class, the Proposed California Resident Piece Rate Itemized Wage Statement Subclass, and the Proposed Piece Rate Itemized Wage Statement Subclass may be collectively referred to as the "Wage Statement Class(es)").

Collectively, all thirteen of these classes and/or subclasses may be referred to as the Class and/or

Classes and its members may be referred to as Class Members(s).

/ / /

/ / /

**JURISDICTION**

3.      Defendant is within the jurisdiction of this Court. Defendant operates approximately 19 "freight runs" entirely or partly within the state of California, transacting hundreds of millions of dollars of business by transporting general freight throughout California, among other states. Thus, Defendant has obtained the benefits of the laws of the State of California. In addition, none of the claims asserted herein no claims arise under federal law. Rather, Plaintiffs bring causes of action based solely on, and arising from, California law, and on behalf of the State of California.

**VENUE**

4.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure. Plaintiffs and many of the putative Class Members were employed and performed work during the Class Period by Defendant in San Bernardino County. Many of Defendant's wrongful acts as alleged herein occurred in San Bernardino County. Venue is thus proper in San Bernardino County. Venue is proper in San Bernardino County because based upon information and belief, Defendants operated trains that Plaintiffs worked on and/or out of yards in Needles, California.

**THE PARTIES**

5.      Defendant BNSF RAILWAY COMPANY is a Delaware Corporation, and one of the largest railroad companies in the United States, with a rail network of 32,500 route miles in 28 states and three Canadian provinces. Defendant employs over 41,000 employees across the country, operates 8,000 locomotives and employs more than one-thousand (1000) employees in California. Defendant was and is the employer of the Class Members and Aggrieved Employees throughout the applicable statutory period. Defendant operates and, at all times during the applicable statutory periods, has done and does business in California. Defendant, in the course of operating its business in California during the Class Period, employed the Class Members, including Plaintiffs.

6.      Plaintiff Sumlin is a California resident and was employed during the applicable statutory periods by Defendant as a non-exempt employee. Throughout his employment, Plaintiff and the Rest Break Class Members were paid on a piece-rate basis that was referred to as a "trip rate." During these shifts, Plaintiff and the other Class Members were not provided with paid rest periods, were issued incomplete and inaccurate wage statements, and was not paid all their wages owed upon

- 5 -

1    termination on a timely basis (including undisputed wages), or at all.

2          7.      Plaintiff Lee is a California resident who was employed by Defendant as a non-exempt

3    employee during the statutory period applicable to the Rest Break Classes and Waiting Time Penalty

4    Classes. Throughout his employment, Plaintiff and the Rest Break Class Members were paid on a

5    piece-rate basis that was referred to as a "trip rate." During these shifts, Plaintiff and the other Class

6    Members were not provided with paid rest periods, were issued incomplete and inaccurate wage

7    statements, and were not paid all their wages owed upon termination on a timely basis (including

8    undisputed wages), or at all.

9          8.      The true names and capacities, whether individual, corporate, associate, or otherwise of

10   Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who sue

11   such Defendants by fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and

12   believes, and based thereon allege, that each of the Defendants designated herein as a DOE is legally

13   responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court

14   to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES

15   when such identities become known. Plaintiffs are informed and believes, and based thereon allege,

16   that each of the Defendants acted in all respects pertinent to this action as agents of the other DOE

17   defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the

18   acts of each Defendant are legally attributable to the other Defendants.

19                          **GENERAL FACTUAL ALLEGATIONS**

20          Throughout the applicable statutory periods, Defendant's paid Plaintiffs and the Rest Break

21   Classes on a piece rate basis it referred to as a "trip rate." From April 4, 2013 through the present,

22   Plaintiff and the Rest Break classes have all been governed by the same basic compensation plan and

23   policies. These plans demonstrate that from April 4, 2013 through the present, Defendant compensated

24   Rest Break Class Members on a piece-rate formula that consisted of a "trip rate" basis, which,

25   Defendant describes as a "sum of money that compensates employees for all of the work associated

26   with making a particular trip, or run, between two terminals."

27          9.      The "trip rate" formulas were calculated with various components such as mileage, run

28   arounds, terminal delays, payments in lieu of meal periods, and deadheading. In addition to the flat

"trip rate," Defendant's road service employees still earn additional compensation (on top of the trip rate) for certain specified working time or activities including: (1) waiting for lodging facilities; (2) waiting for transport after expiration of Hours of Service; (3) road switches conversion; (4) meal allowance away from home; (5) switching cars; and (6) away from home terminal payments.

10.     Significantly, the additional compensation (on top of the flat "trip rate") fails to include any pay for rest periods within the meaning of California Labor Code § 226.7. Therefore, Defendant never provided compliant rest periods to the Rest Period Class Members or paid them hourly or separately for rest periods of 10 minutes per every 4 hours, or fraction thereof, where practicable, as required by California law.

11.     As set forth in Section 12 of IWC Wage Order No. 9, which applies to transportation workers in California, Class Members are entitled to be provided paid rest periods of ten minutes for every four hours (or major fraction thereof) worked during the Class Period.  However, contrary to California law, Class Members were not separately compensated for their rest periods. *See,* IWC Wage Order No. 9, Section 12 ("Every employer shall authorize and permit all employees to take rest periods ... The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof ... Authorized rest period time shall be counted as hours worked ..."). Defendant thereby violated Labor Code §§ 226.7 and IWC Wage Order No. 9, Section 12, by failing to pay Class Members rest break premiums of one hour of pay per day, for each day of unpaid rest breaks.

12.     Moreover, Defendant failed to pay Plaintiffs and the Waiting Time Penalty Classes, all of their wages due at the time of termination or the end of their employment.  Defendant routinely delayed sending checks for final wages for several days and/or week or longer without paying the penalties provided for in Labor Code sections 201-203 even though these sums were quantifiable, known, and not subject to dispute at the time of termination and/or within seventy-two (72) hours of the end of the Waiting Time Penalty Class Members employment.

13.     In addition, Defendant failed to pay all wages due, including rest break premiums, rest period pay and/or other wages due, upon termination or separation of employment to those Rest Break Class Members who departed from their employment with Defendant during the Waiting Time Penalty

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1    Class Period in violation of Labor Code §§ 201-203.

2          14.    Furthermore, Defendant pays Wage Statement Class Members on a semi-monthly basis.

3    Defendant also usually provides wage statement documents to Wage Statement Class Members.

4    However, throughout the Wage Statement Class Period, Defendant's wage statements have been and

5    continue to be deficient in various respects, including the following:

6          a.    In violations of Labor Code § 226(a)(1), the itemized wage statements issued by Defendant

7                to Plaintiff Sumlin, the Proposed Piece Rate Itemized Wage Statement Subclass, the

8                Proposed California Resident Piece Rate Itemized Wage Statement Subclass, and the

9                aggrieved employees do not accurately indicate the total amount of gross wages earned

10               because Defendant failed to include all rest period premiums and wages for the non-

11               productive time associated with rest periods.

12         b.    In violation of Labor Code § 226(a)(2), the itemized wage statements issued by

13               Defendant to Plaintiff Sumlin, the Wage Statement Classes, and the Aggrieved

14               Employees, do not show the total hours worked for the members of the Rest Period

15               Class who are also members of the Wage Statement Classes.  Instead, the wage

16               statements contain a column with a list of some categories of pay with no corresponding

17               numbers of hours nor does Defendant identify the total number of hours worked.

18         c.    In violation of Labor Code § 226(a)(3), the itemized wage statements issued by

19               Defendant to Plaintiff Sumlin, the Proposed Piece Rate Itemized Wage Statement

20               Subclass, the Proposed California Resident Piece Rate Itemized Wage Statement

21               Subclass, and the aggrieved employees do not include the number of piece-rate units

22               earned and/or any applicable piece rates. Instead, the wage statements include a line

23               items for "Straight Time" and "Misc. Other Pay," among other relevant entries, and fail

24               to state the number of hours even though there is still a payment being made in

25               connection with that line item.  There is no indication anywhere of the number of piece-

26               rate units earned any applicable piece rate.

27         d.    In violations of Labor Code § 226(a)(5), the itemized wage statements issued by Defendant

28               to Plaintiff Sumlin, the Proposed Piece Rate Itemized Wage Statement Subclass, the

- 8 -

Proposed California Resident Piece Rate Itemized Wage Statement Subclass, and the aggrieved employees do not accurately indicate the total amount of net wages earned because Defendant failed to include all rest period premiums and wages for the non-productive time associated with rest periods.

e. In violation of Labor Code § 226(a)(8), the itemized wage statements issued by Defendant to Plaintiff, the Wage Statement Classes, and the aggrieved employees do not properly indicate the address of the legal entity that is the employer. Although Defendant represented in numerous legal filings made with the state of California that its entity address and entity mailing address are both 2650 Lou Menk Dr., Fort Worth, TX 76131, Defendant omitted this address from its wage statements and failed to identify its actual address.

f. In violation of Labor Code § 226(a)(9), the itemized wage statements issued by Defendant to Plaintiff, the Wage Statement Classes, and the aggrieved employees do not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and/or at the correct rate. This includes, but is not limited to failing to include wages for the non-productive time associated with rest periods, rest period premiums, and overtime.

15. From at least April 4, 2016 through the present, Defendant knowingly and intentionally failed to issue accurate and complete itemized wage statements in writing to Plaintiff, the Wage Statement Classes, and the aggrieved employees that accurately indicate the proper address of the legal entity that is the employer, the total hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

16. In addition, as a result of Defendant's failure to include the information required by Labor Code § 226(a) and provision of inaccurate information, Plaintiff, the Classes, and the aggrieved employees could not readily and easily determine the address of the legal entity that is the employer, the total hours worked by the employee, the number of piece-rate units earned and any applicable piece

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1   rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay

2   period and the corresponding number of hours worked at each hourly rate by the employee.

3        17.    Furthermore, although Defendant engaged in a common practice and had a common

4   policy of failing to include information required by Labor Code § 226(a)(2), (3), (8), and (9) in the

5   wage statements it issued to Plaintiff, the Class Members, and the aggrieved employees, Defendant also

6   failed to adopt a set of policies, procedures, and practices to ensure that it complied with Labor Code §

7   226. Accordingly, Defendant's conduct was knowing and intentional as set forth in Labor Code §

8   226(e)(3).

9        18.    Defendant knew when issuing itemized wage statements to Plaintiff, the Classes, and the

10   aggrieved employees that its wage statements did not indicate the address of the legal entity that is the

11   employer, the total hours worked by the employee, the number of piece-rate units earned and any

12   applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in

13   effect during the pay period and the corresponding number of hours worked at each hourly rate by the

14   employee.

15        19.    Further, Defendant's conduct was not only knowing and intentional but also willful in

16   that it failed to correct and/or modify its wage statements to comply with Labor Code § 226(a) despite

17   receiving Plaintiff's PAGA Notice in or around January 2017.

18        20.    In addition, Plaintiff, the Wage Statement Class Members, and the aggrieved employees

19   all suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to

20   readily and easily determine from the wage statements themselves the information required to be set

21   forth by Section 226(a), the information provided by Defendant was confusing and inaccurate, Plaintiff,

22   the Class Members, and the aggrieved employees were unable to determine at all and/or without resort

23   to extraneous documents and information the address of the legal entity that is their employer, the total

24   hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if

25   the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period

26   and the corresponding number of hours worked at each hourly rate by the employee.

27                              **CLASS ACTION ALLEGATIONS**

28        21.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a

class action pursuant to Code of Civil Procedure § 382.  Plaintiffs seek to represent the following "Classes":

      a.  <u>The "Rest Break Classes"</u>:

(1) All current and former employees of BNSF Railroad Company who worked a shift greater than 3.51 hours in California, and who were paid in whole or in part on a "trip rate" basis at any time from April 4, 2013 through the date that the Court certifies this Class. ("Rest Period Class");

(2) All current and former employees of BNSF Railroad Company who were California residents, and who were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California" from April 4, 2013 through the date that the Court certifies this Class. ("California Resident Rest Period Subclass");

(3) All current and former employees of BNSF Railroad Company who worked the majority of at least one pay period (at least 50.1%) in California, and were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California at any time from April 4, 2013 through the date that the Court certifies this Class. ("California Rest Period Subclass");

(collectively the Rest Period Class, California Rest Period Subclass, and California Resident Rest Period Subclass may be collectively referred to as the "Rest Break Class(es)").

      b.  <u>The "Waiting Time Penalty Classes"</u>:

(4) All employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who worked at least one shift in California. ("Former Employee Class");

(5) All employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who worked the majority of at least one pay period in California. ("California Former Employee Subclass");

(6) All California-resident employees of BNSF Railroad Company whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class who did not receive all wages due within at the time or termination and/or within 72 hours of the resignation of their employment. ("California Resident Former Employee Subclass");

(7) All employees of BNSF Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class. ("Former Piece Rate Employee Subclass");

(8) All California-resident employees of BNSF Railroad Company who were paid on a piece rate and whose employment with BNSF Railroad Company ended at any time from April 4, 2014 through the date the Court certifies this Class. ("California Resident Former Piece Rate Employee Subclass"); and

(9) All employees of BNSF Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate from April 4, 2014 through the date the Court certifies this Class. ("California Majority Former Employee Subclass").

(collectively the Former Employee Class, California Former Employee Subclass, California Resident Former Employee Subclass, Former Piece Rate Employee Subclass, California Resident Former Piece Rate Employee Subclass, and California Majority Former Employee Subclass be collectively referred to as the "Waiting Time Penalty Class(es)").

    c.   The "Wage Statement Classes":

(10) all current and former employees of BNSF Railroad Company who spent the majority (more than 50%) of at least one pay period working for BNSF Railroad Company in California from April 4, 2016 through the date the Court certifies this Class. ("Proposed Itemized Wage Statement Class"); and

(11) all current and former California Resident employees of BNSF Railroad Company who worked one or more pay periods from April 4, 2016 through the date the Court certifies this Class. (Proposed California Resident Itemized Wage Statement Class");

(12) all current and former California Resident employees of BNSF Railroad Company who were paid on a piece rate basis and/or trip rate basis and who worked one or more pay periods from April 4, 2016 through the date the Court certifies this Subclass. ("Proposed California Resident Piece Rate Itemized Wage Statement Subclass");

(13) all current and former employees of BNSF Railroad Company who were paid on a piece rate basis and/or trip rate basis and who spent the majority (more than 50%) of at least one pay period working for BNSF Railroad Company in California from April 4, 2016 through the date the Court certifies this Class ("Proposed Piece Rate Itemized Wage Statement Subclass").

(collectively the Proposed Itemized Wage Statement Class, the Proposed California Resident Itemized Wage Statement Class, the Proposed California Resident Piece Rate Itemized Wage Statement Subclass, and the Proposed Piece Rate Itemized Wage Statement Subclass may be collectively referred to as the "Wage Statement Class(es)").

Collectively, all thirteen of these classes and/or subclasses may be referred to as the Class and/or Classes and its members may be referred to as Class Members(s).

    22.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation,

the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the Class:

a. **Numerosity**:  The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believes that Defendant has employed over 3,500 Waiting Time Penalty Class Members in California during the Class Period who were subject to Defendant's unlawful wage statement practices.  Moreover, there are more than 1,700 members of the Rest Period Class and several thousand members of the Waiting Time Penalty Class.  The Class Members in each of the specified Classes are so numerous that joinder of all members of the proposed classes is therefore not practicable.

b. **Commonality**:  There are questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i.   Whether Defendant violated sections 1194 and 1194.2 of the Labor Code by failing to pay Rest Period Class Members separately and on an hourly basis for their time spent on their statutory rest breaks during the Class Period;

ii.   Whether Defendant violated Section 12 of IWC Wage Order No. 9 and Labor Code  by failing to provide paid rest periods to Plaintiffs and the members of the Rest Period Class in California during the Class Period;

iii.   Whether Defendant violated Labor Code section 226.7 failing to pay one hour of premium pay to Rest Period Class Members for each day that a paid rest break was not provided during the Class Period;

iv.   Whether Defendant failed to provide Plaintiff and the other Class members with accurate and complete itemized wage statements that set forth the legal address of the entity that is the employer, the total hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

v.   Whether Plaintiff and the Class Members all suffered legal "injury" sufficient to trigger damages under Labor Code section 226(e);

1           vi.   Whether Defendant's actions were knowing and intentional within the meaning

2  of Labor Code § 226(e);

3           vii.   Whether Defendant owes penalties to Plaintiff and the other Class Members

4  pursuant to Labor Code §226(e) for committing each of the violations detailed in this Complaint,

5  including Defendant's failure to provide complete and accurate wage statements during the applicable

6  Class Period and on-going;

7           viii.   Whether Defendant violated Section 203 of the Labor Code by failing to pay

8  members of the Waiting Time Penalty Classes on a timely basis, or at all, for all wages due to them upon

9  their separation of employment from Defendant;

10           ix.   Whether Defendant engaged in an unfair practice and violated section 17200 of

11  the California Business and Professions Code by failing to pay Plaintiffs and the members of the Rest

12  Period Class separately and on an hourly basis for their time spent on rest breaks during the Class

13  Period;

14           x.   Whether Defendant engaged in an unfair practice and violated section 17200 of

15  the California Business and Professions Code by failing to provide paid rest breaks to members of the

16  Rest Period Class in violation of Section 12 of IWC Wage Order No. 9 and Labor Code § 226.7;

17           xi.   Whether Class Members are entitled to restitution under Business and

18  Professions Code § 17200;

19           xii.   The nature and extent of class-wide damages; and

20           xiii.   The proper formula(s) for calculating damages, interest, and restitution owed to

21  the Class Members;

22        c.  **Typicality:**  Plaintiffs' claims are typical of the claims of the Classes.  Both Plaintiffs

23  and Class Members sustained injuries and damages, and were deprived of property rightly belonging to

24  them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged

25  herein, in similar ways and for the same types of expenses.

26        d.  **Adequacy of Representation:**  Plaintiffs are members of the Classes and will fairly and

27  adequately represent and protect the interests of the Classes and all the Class Members.  Plaintiffs'

28  interests do not conflict with those of the proposed Classes and Class Members.  Counsel who represent

Plaintiffs are competent and experienced in litigating large wage and hour class actions, including numerous cases virtually identical to this one (involving piece rate nd wage statement class actions), and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

e.   **Superiority of Class Action:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes.  Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful compensation policies, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment.  If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant's, or to pursue their claims for penalties, due to the relatively small amounts of such individual recoveries relative to the costs of litigation.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY SEPARATELY & HOURLY FOR REST BREAKS**
[Cal. Labor Code §§ 1194 and 1194.2]
*On Behalf of Plaintiffs and the Rest Break Classes Against Defendant*

23.   Each and every allegation set forth in the preceding paragraphs is hereby realleged and incorporated herein by reference.

24.   The actionable period for this cause of action is April 4, 2013 through the present, and on-going until the violations are corrected or the Class is certified (the "Rest Period Class Period").

25. Section 1194 of the Labor Code provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage...applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage...,

including interest thereon, reasonable attorney's fees, and costs of suit.

26. Section 1194.2 of the Labor Code provides, in relevant part:

In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

27.     Under California law, employees paid on a piece-rate basis in California must be provided rest periods that are paid for separately and hourly. *See*; *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013), *reh'g denied* (June 18, 2013), *review denied (*Aug. 28, 2013) ("*Bluford*") ("rest periods must be separately compensated in a piece-rate system. Rest periods are considered hours worked and must be compensated.") (*citing Armenta v. Osmose, Inc.* 135 Cal.App.4th 314, 323 (2005).

28.     As set forth above, Defendant failed to provide any paid rest breaks to the Rest Break Class during the Class Period from which there was no deduction of wages. Accordingly, during the Class Period, these Rest Break Class Members did not receive paid rest breaks.

29.     In failing to pay Rest Break Class Members for their time spent on rest periods separately particularly after the issuance of the Court of Appeals' decision in *Bluford v. Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73, Defendant caused harm to the Rest Break Class Members and operated in bad faith given the cases. Accordingly, pursuant to sections 1194 and 1194.2 of the California Labor Code the Class Members are entitled to recover, either their unpaid hourly wages due, and/or minimum wage plus liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for their rest period time.

30.     Pursuant to section 1194.2 of the Labor Code, the Rest Break Class Members are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE COMPLIANT PAID REST BREAKS OR REST BREAK PREMIUMS**
[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 9]
*On Behalf of Plaintiffs and the Rest Break Classes Against Defendant*

31.     Each and every allegation set forth in the preceding paragraphs is hereby realleged and incorporated herein by reference.

- 16 -

32.     The actionable period for this cause of action is April 4, 2013 through the present, and on-going until the violations are corrected or the Class is certified (the "Rest Period Class Period").

33.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

34.     Section 12 of IWC Wage Order No. 9 provides:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (emphasis added).

35.     Courts have interpreted Section 12 of the applicable Wage Order to mean that employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest breaks. *See, e.g., Bluford v. Safeway Stores, Inc*., (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law.").

36.     As alleged herein, by failing to provide the Rest Period Class Members who were paid on a piece-rate with separately paid rest periods of 10 minutes for each 4 hours of work, Defendant has violated California Labor Code § 226.7, and is liable to Rest Period Class Members for damages in the amount of no less than one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide Rest Period Class Members with separately and hourly paid rest periods as required by California law.

### THIRD CAUSE OF ACTION
#### FAILURE TO PROVIDE COMPLETE/ACCURATE WAGE STATEMENTS
[Cal. Labor Code § 226(a) and 226(e)]
*On Behalf of Plaintiff Sumlin and the Wage Statement Classes Against Defendant*

37.     Each and every allegation set forth in the preceding paragraphs is hereby realleged and incorporated herein by reference.

38.     The actionable period for this cause of action is April 4, 2016 through the present, and

- 17 -

on-going until the violations are corrected or the class is certified (the "Wage Statement Penalty Class Period").

39. Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and…(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

40.   Labor Code section 226.2 also provides that, as to employees paid on a piece-rate basis, Defendant must supply wage statements that set forth the total hours worked, the total amount of time on rest periods, and the applicable rates for rest period time.

41.   As set forth above, during the Class Period, Defendant's wage statements issued to Class Members during the Class Period violated Labor Code Section 226(a) because due to omissions and the provision of inaccurate information as set forth in detail above, they failed to show and/or accurately indicate (or both with respect to certain violations) the total hours worked, the gross wages earned, net wages earned, the number of piece-rate units earned and any applicable piece rate in effect, failed to include the proper address of the legal entity that is the employer; and omitted and/or misreported all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Accordingly, Plaintiff and the Class Members suffered legal injury, sufficient to trigger the penalties referenced in Labor Code section 226(e).

42.   As a result of Defendant's unlawful and faulty policies and practices as set forth above, Plaintiff, the Class Members, and the aggrieved employees were unable to readily and easily determine from the wage statements themselves the information required to be set forth by Section 226(a) at all and/or without resort to extraneous and information the address of the legal entity that is their employer,

the total hours worked by the employee, the gross wages earned, the net wages earned, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

43.     Defendant's failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly because the United States Supreme Court found more than one-hundred (100) years ago in *Erie R. Co. v. Williams*, 233 U.S. 685 (1914) that railroads must observe state laws related to the payment of wages to railroad employees. Despite the U.S. Supreme Court's clear instructions more than one-hundred (100) years ago, Defendant failed to make any effort whatsoever to ensure that it complied with Labor Code § 226 and/or to correct its unlawful practices after receiving Plaintiff's PAGA Notice in or around January 2017.

44.     As a result of Defendant's issuance of inaccurate and incomplete itemized wage statements to Plaintiff and the Class in violation of Labor Code section 226(a), the members of the Class, including Plaintiff, are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per violation per Plaintiff and per every member of the Class from Defendant pursuant to section 226(e) of the Labor Code, plus litigation costs and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
### WAITING TIME PENALTIES FOR FAILURE TO PAY WAGES DUE ON TERMINATION
**[Cal. Labor Code §§ 201-203]**
*On Behalf of Plaintiff Sumlin and the Waiting Time Penalty Classes Against Defendant*

45.     Each and every allegation set forth in the preceding paragraphs is hereby realleged and incorporated herein by reference.

46.     The actionable period for this cause of action is April 4, 2014 through the present, and on-going until the violations are corrected or the class is certified (the "Waiting Time Penalty Class Period").

47.     Sections 201 and 202 of the California Labor Code require Defendant to pay all compensation due and owing to former employees in the Waiting Time Penalty Class during the actionable period for this cause of action at or around the time that their employment is or was

1   terminated, or ended.

2        48.     Section 203 of the California Labor Code provides that if an employer willfully fails to

3   pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then

4   the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

5        49.     Moreover, Defendant failed to pay Plaintiff and the Waiting Time Penalty Classes, all of

6   their wages due at the time of termination or the end of their employment.  Defendant routinely delayed

7   sending checks for final wages for several days and/or week or longer without paying the penalties

8   provided for in Labor Code sections 201-203 even though these sums were quantifiable, known, and

9   not subject to dispute at the time of termination and/or within seventy-two (72) hours of the end of the

10  Waiting Time Penalty Class Members employment.

11       50.     As a result, Defendant is liable to members of the Waiting Time Penalty Classes who are

12  no longer employed by Defendant for waiting time penalties amounting to thirty (30) days wages for

13  Plaintiffs and each such Waiting Time Class Member who received late paid wages, or did not receives

14  all wages due, pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay

15  any sort of wages due upon termination entitles an employee to recover waiting time penalties).

16                          **FIFTH CAUSE OF ACTION**

17                   **UNFAIR COMPETITION LAW VIOLATIONS**
                        [Bus. & Prof Code § 17200 *et seq.*]

18               *On Behalf of Plaintiffs and the Classes Against Defendant*

19       51.     Each and every allegation set forth in the preceding paragraphs is hereby realleged and

20  incorporated herein by reference.

21       52.     The actionable period for this cause of action is January 31, 2013 through the present,

22  and on-going until the violations are corrected or the class is certified (the "Rest Period Class Period"

23  or "Class Period")

24       53.     Section 17200 of the California Business & Professions Code prohibits any unlawful,

25  unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who

26  has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of

27  the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated

28  who are affected by the unlawful, unfair, or fraudulent business practice.

54.     Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected and/or the class is certified.

55.     Labor Code § 90.5(a) states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

56.     As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs and the Class Members have suffered economic injuries. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices.

57.     Plaintiffs and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages due and interest thereon, from at least four years prior to the filing of this complaint through to the date of such restitution, at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to all Class Members, from whom they were unlawfully taken.

58.     Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendant's conduct, as herein alleged has damaged the Class members by wrongfully denying them wages due for their time spent on rest periods, and therefore was substantially injurious to the Class members.

59.     Defendant engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating section 1194 of the California Labor Code, and Sections 11 and 12 of the IWC Wage Order No. 9.

60.     Defendant's course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

61.     Plaintiffs and similarly situated Class Members are entitled to enforce all applicable

- 21 -

penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

62.    Plaintiffs have assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly situated Class Members previously or presently employed by Defendants in California.  Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiffs is appropriate pursuant to Code of Civil Procedure §1021.5 and Labor Code Section 1194.

**SIXTH CAUSE OF ACTION**
**PAGA PENALTIES**
[Labor Code §§ 2698-2699.5; 226.3; 558]
*On Behalf of Plaintiff Sumlin and the Aggrieved Employees*

63.    Each and every allegation set forth in the preceding paragraphs is hereby realleged and incorporated herein by reference.

64.    Plaintiff, on behalf of himself and all aggrieved employees, brings this representative action pursuant to Labor Code § 2699, *et seq*. seeking civil penalties for Defendants' violation of California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226(e), 226.3, 226.7, 1194, and 1194.2. Based upon the foregoing, Plaintiff and all aggrieved employees are aggrieved employees within the meaning of Labor Code §2699, *et seq*. Plaintiff Sumlin was employed by Defendant, was a California Resident, and was assigned to work in California during the one year preceding the submission of a PAGA letter to the LWDA on January 31, 2017. As such, he seeks to recover, on behalf of himself and all other current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA.

65.    For purposed of this Complaint, "Aggrieved Employee" shall mean any member of the Classes and/or anyone who would meet the definitions of the Classes independent of the dates referenced in the Class definitions who worked for Defendant within California from January 31, 2016 through the present (the "PAGA Period").

66.    Plaintiff has completely exhausted his administrative remedies under PAGA prior to proceeding with this action. On January 31, 2017, Plaintiff filed a PAGA Notice online with the Labor Workforce Development Agency ("LWDA") on behalf of all Aggrieved Employees, including Plaintiff, and sent a letter by certified mail to Defendant setting forth the facts and theories of the

violations alleged against Defendants, as prescribed by Labor Code § 2698 et seq. As required by PAGA, the filing fees were duly submitted. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice will have been or was received by Plaintiff from the LWDA evidencing its intention to investigate the additional claims alleged within the Amended PAGA Notice within sixty-five (65) calendar days of the postmark date of the PAGA Notice. Plaintiff is therefore, entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

67.     Moreover, Plaintiff and Defendant entered into a "Tolling Agreement," whereby they agreed to the tolling of the statute of limitations for all of the causes of action alleged herein from the date of the PAGA Notice.

68.     As a result of Defendants' unlawful compensation and rest period practices described above, Defendants regularly and consistently failed to timely pay the aggrieved employees for labor performed between the 1st and 15th days between the 16th calendar day of the month during which the labor was performed on a regular and consistent basis. Moreover, as a result of the conduct described in detail above, Defendants also failed to pay Plaintiff and the other aggrieved employees all wages owed for labor performed between the 16th and last day between the 1st and 10th day of the following month on a regular and consistent basis. *See Parson v. Golden State FC, LLC,* No. 16-cv-00405-JST, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

69.     Labor Code § 210 provides that in addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows:

      a.   For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

      b.   For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

70.     Plaintiff seeks to recover PAGA civil penalties through a representative action as permitted by PAGA. Therefore, class certification of this claim is neither required nor sought. *Mendoza*

*vs. Nordstrom, Inc.* 2017 Cal. Lexis 3171 (Cal. Supreme Court May 8, 2017) ("PAGA authorizes a representative action without the need for class certification."); *Arias v. Superior Court,* 46 Cal.4th 969 (2009); *Brown v. Wal-Mart Stores, Inc.*, 651 Fed. Appx. 672 (9th Cir. Cal. 2016) (holding that PAGA "does not require individualized penalty inquiries that would defeat the commonality or predominance requirements that would defeat the commonality or predominance requirements for purposes of class certification.").

71.    Through PAGA and to the extent permitted by law, Plaintiffs further seek penalties pursuant to Labor Code § 558 for Defendant's unlawful practices detailed above. In accordance with Labor Code § 558, Plaintiffs and the other aggrieved employees are entitled to no less than penalties for the initial violation in the amount of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under Labor Code § 558 shall be paid to the affected employee. See *Thurman v. Bayshore Transit Mgmt., Inc.* 203 Cal. App. 4th 1112 (2012).

72.    Labor Code § 1194.2 authorizes employees to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Because Defendant failed to provide the Aggrieved Employees with paid rest periods, the Aggrieved Employees are entitled to recover liquidated damages for Defendant's violations of Labor Code § 1194 through PAGA.

73.    Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." To the extent that Labor Code § 226.3 applies, Plaintiff also seeks such penalties on behalf of himself and the other aggrieved employees.

74.    Plaintiff and the Aggrieved Employees are entitled to and seek separate statutory penalties under PAGA for Defendant's violations of both Labor Code § 226(a) and 226(e). In addition to the damages set forth above for their violation of each of the above-described statutes in the amount of $100

- 24 -

per pay period for each initial violation for each Aggrieved Employee, and $200 for each subsequent pay period for each subsequent violation per pay period for each Aggrieved Employee and/or in the amount of the Labor Code § 226(e) penalties. *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) (("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and implicitly acknowledging that a Plaintiff could maintain separate claims under PAGA for violations of Labor Code §§ 226(a) and 226(e)).

75.     Under section 558 of the Labor Code and PAGA, Plaintiff and members of the Wage Statement Penalty Class who were employed by Defendant from one year prior to the delivery of the Notice of Labor Code Violations to the California Labor and Workforce Development Agency through the present are entitled to recover the maximum civil penalties permitted by law from Defendant for its violations of the California Labor Code and/or IWC Wage Order, as alleged in this Complaint. Since Plaintiff alleges that Defendant violated Sections 12 of the applicable IWC Wage Order by engaging in each of the acts and/or omissions set forth above, Defendant is obligated by Labor Code section 558 to pay additional penalties for this claim.

76.     Plaintiff and the aggrieved employees are entitled to statutory penalties under PAGA in addition to the damages set forth above for their violation of each of the above-described statutes.

**JURY DEMAND**

77. Plaintiff hereby demands trial by jury of his and the Classes' claims against Defendant.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and the members of the Classes, pray for judgment against Defendant as follows:

1.     That this action be certified as a class action;

2.     That Plaintiffs be appointed as the representative of the Classes; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

4.     For such general, special and liquidated damages as may be appropriate, including all damages alleged above;

5.     For restitution of unpaid minimum wages pursuant to Labor Code sections 1194 and

- 25 -

1194.2;

6.      For amounts under Labor Code § 203 for Plaintiffs and all Class members no longer in Defendants' employ at the time of judgment;

7.      For the amounts provided for in Labor Code § 226(e);

8.      For the premium wages and amounts under Labor Code § 226.7;

9.      For restitution as described in the cause of action under Business & Professions Code § 17200 *et. seq*. above;

10.     For a declaratory judgment that Defendant violated above-listed Labor Code sections;

11.     For costs of suit herein, including attorney's fees, according to proof at trial, pursuant to California law;

12.     For the amounts provided for in Labor Code § 558;

13.     For penalties under Labor Code § 2699, *et seq*. for Plaintiff and all aggrieved employees because of Defendants' violation of Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226(e), 226.3, 226.7, 558, 1194, and 1194.2..

14.     For any and all other applicable statutory penalties, as provided by law;

15.     For pre-judgment interest;

16.     For attorneys' fees and costs;

17.     For any other and further relief as the Court deems just and proper.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Dated: November 6, 2017                ACKERMANN & TILAJEF, P.C.

                                        By: _____
                                            CRAIG J. ACKERMANN
                                            Attorney for Plaintiff and the Proposed Classes

Dated: November 6, 2017                WINSTON LAW GROUP, P.C.

                                        By: _____
                                            DAVID S. WINSTON
                                            Attorney for Plaintiff and the Proposed Classes

Dated: November 6, 2017                MELMED LAW GROUP P.C.

                                        By: _____
                                            JONATHAN MELMED
                                            Attorney for Plaintiff and the Proposed Classes

- 27 -